## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br><br><br>FRESH & EASY, LLC[1],<br><br><br>Debtor. | Chapter 11<br><br><br>Case No. 15-12220-BLS |
| DIANA CHAN, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br><br>v.<br><br><br>FRESH & EASY, LLC, THE YUCAIPA COMPANIES LLC, and YFE HOLDINGS, INC.,<br><br><br>Defendants. | Adversary Proceeding<br><br>No:_____<br><br><br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT** |

## <u>COMPLAINT</u>

Plaintiff Diana Chan ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, hereby alleges the following based upon information and belief, and upon the investigation by her counsel:

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 8906.  The Debtor's mailing address is 2010 Hamilton Avenue, Suite 350, Torrence, California 90502.

# NATURE OF THE CLAIM

1.     This is a class action on behalf of all former employees of Fresh & Easy, LLC ("Fresh & Easy" or the "Company"), The Yucaipa Companies LLC ("Yucaipa"), and YFE Holdings, Inc. ("YFE") who were terminated without cause beginning on or about October 23, 2015, in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act") and California Labor Code § 1400 *et seq.* (the "Cal-WARN Act").

2.     Fresh & Easy is a California-based chain of grocery stores. On or about October 23, 2015, Fresh & Easy notified its employees that its facilities would be closing. The Company's notice was insufficient to meet its obligations under each of the WARN Act and the Cal-WARN Act.

3.     The WARN Act provides, in relevant part, that an employer within the scope of the WARN Act "shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a).

4.     The Cal-WARN Act, a state law cognate of its federal counterpart, provides, in relevant part, that "[a]n employer may not order a mass layoff, relocation, or termination at a covered establishment unless, 60 days before the order takes effect, the employer gives written notice . . . ." California Labor Code § 1401(a).

5.     Accordingly, Plaintiff, on behalf of herself and some 3,000 similarly situated former employees of Fresh & Easy, seeks to recover sixty days' wages and benefits from Defendants pursuant to 29 U.S.C. § 2104 and California Labor Code § 1404.

## JURISDICTION AND VENUE

6.      The federal law claim asserted herein arises under the WARN Act, codified at 29 U.S.C. § 2101 *et seq.*

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334(b), 1367 and 29 U.S.C. § 2104(a)(5). The above-captioned action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O) which is related to the following case currently pending before the United States Bankruptcy Court for the District of Delaware: *In re Fresh & Easy, LLC* 15-12220-BLS (Chapter 11).

8.      This Court has jurisdiction over each defendant named herein because each defendant has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

## THE PARTIES

9.      Plaintiff Diana Chan was employed by Fresh & Easy at its Distribution Center in Riverside, California until her termination on or around October 30, 2015.

10.     Defendant Fresh & Easy is a California-based chain of grocery stores. Fresh & Easy is a limited liability company organized under the laws of the State of Delaware and headquartered at 20101 Hamilton Avenue, Suite 350, Torrance, California 90502.

11.     Defendant Yucaipa is an investment firm founded in 1986 by Ronald Burkle. According to its website, Yucaipa has completed mergers and acquisitions valued at more than $30 billion. Yucaipa is a limited liability company organized under the laws of the State of Delaware and headquartered at 9130 Sunset Boulevard, Los Angeles, California 90069.

3

12.     Defendant YFE is a wholly owned subsidiary of Yucaipa formed for the purpose of acquiring and holding Fresh & Easy. YFE is a corporation organized under the laws of the State of Delaware.

13.     As explained in more detail below, Defendants Fresh & Easy, Yucaipa, and YFE are under common control and constitute a single employer under the WARN Act.

## FURTHER SUBSTANTIVE ALLEGATIONS

*Company Background*

14.     Fresh & Easy is a California-based chain of grocery stores. The Company previously managed stores in California, Arizona, and Nevada.

15.     From 2007 to 2013, the Company was a subsidiary of Tesco PLC, the third-largest retailer in the United Kingdom. Tesco originally opened Fresh & Easy as its first foray into the United States market. At its height under Tesco, Fresh & Easy operated more than 150 stores.

16.     On September 10, 2013, Yucaipa announced its purchase of Fresh & Easy from Tesco out of bankruptcy. At the time, Yucaipa managing partner Ronald Burkle was quoted as saying, "Fresh & Easy is a tremendous foundation. . . . Its dedicated employees and great base of customers give us a solid starting point to complete Tesco's vision with some changes that we think will make it even more relevant to today's consumer. We plan on continuing to build Fresh & Easy into a 'next-generation convenience retail experience,' providing busy consumers with more local and healthy access for their daily needs."

17.     Yucaipa, however, failed to deliver on its plans of building up Fresh & Easy. Although Yucaipa initially increased Fresh & Easy's store count to 167, by March 22, 2015, the Company announced that 50 of its stores would close.

*Fresh & Easy's Final Closing*

18.     Plaintiff brings this action individually, and on behalf of all other similarly situated former employees of Fresh & Easy, seeking up to sixty days' wages and benefits in recompense for their termination, without notice or cause, in violation of the WARN Act and Cal-WARN Act.

19.     On or about October 23, 2015, Fresh & Easy employees at the Company's Distribution Center and Campus Kitchen and Campus Produce facilities in Riverside, California, and headquarters in Torrance, California (the "Noticed Facilities") received notice that those facilities would be closing and their positions would be terminated.

20.     On or about October 22, 2015, Fresh and Easy notified the California Economic Development Department that it expected to terminate the employment of 912 of its employees effective October 21, 2015. Fresh & Easy's employees at locations other than the Noticed Facilities did not receive any written notice of the impending plant closings and employment termination.

21.     Since October 23, 2015 and continuing into the first week of December 2015, Defendants have been and will continue terminating the employment of Fresh & Easy's employees in connection with the closing of Fresh & Easy's facilities. Accordingly, Defendants failed to provide 60 days' written notice in advance of the termination of their employees in violation of the WARN Act and the Cal-WARN Act.

22.     On October 30, 2015, Defendant Fresh & Easy filed a petition in the United States Bankruptcy Court for the District of Delaware requesting relief under Chapter 11 of the Bankruptcy Code. Defendants Yucaipa and YFE, which control Fresh & Easy and have operated

Fresh & Easy as a single employer for purposes of the WARN Act, have not filed petitions for relief under the Bankruptcy Code.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5) on behalf of herself and all other Class Members, each of whom was terminated without cause starting on or about October 23, 2015 by the Defendants.

24.     The Class Members are so numerous that joinder of all Class Members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

25.     The precise number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  Plaintiff believes that there are at least 912 members, and as many as approximately 3,000, in the proposed class. The identity, recent address, rate of pay, and afforded benefits of all Class Members may be ascertained from records maintained by Fresh & Easy, and Class Members may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in like class actions.

26.     Plaintiff's claims are typical of the Class Members' because Plaintiff, like all other Class Members, was the subject of Defendants' wrongful conduct, namely: termination without sixty days' advance notice.

27.     Plaintiff will fairly and adequately protect the interests of all Class Members and has retained counsel experienced in class action litigation. Plaintiff has no interests that conflict with those of the class identified herein.

28.    Questions of law and fact common to all Class Members predominate over any questions solely affecting individual Class Members, and include:

(a)    whether the Class Members were employed by Defendants;

(b)    whether Defendants terminated the Class Members without cause;

(c)    whether Defendants provided written notice at least sixty days prior to the Class Members' termination;

(d)    whether Defendants paid sixty days' wages and provided sixty days' benefits to the Class Members in connection with their termination; and

(e)    how to calculate damages pursuant to the WARN Act and Cal-WARN Act.

29.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Consideration of this controversy as a class action will eliminate the need for duplicative litigation, as well as the possibility of inconsistent and varying judgments and standards of conduct for Defendants.  Moreover, class action litigation is particularly appropriate in the WARN Act context as individual Class Members may lack the financial resources necessary to prosecute discrete actions against Defendants, large corporate entities with significant resources at their disposal, and individual recoveries may be too small to justify taking on the expenses concomitant with prosecuting individual actions.

## CLAIMS FOR RELIEF

### COUNT ONE
**For Violation of the Worker Adjustment and Retraining Notification Act,**
**29 U.S.C. § 2101 et seq.**
**[Against All Defendants]**

30.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

31.     This Count is asserted by Plaintiff on behalf of herself and all Class Members, against Defendants, and is based upon the WARN Act, codified at 29 U.S.C. § 2101 *et seq.* and its implementing regulations, codified at 20 C.F.R. § 639 *et seq.*

32.     Defendants constitute a business enterprise that is, and at all relevant times has been, an "employer" as that term is defined by the WARN Act and implementing regulations, employing more than 100 employees (exclusive of part-time employees) who, in the aggregate, work at least 4,000 hours per week (exclusive of overtime hours).

33.     Plaintiff and all other Class Members were "affected employees" of Defendants, as that term is defined by the WARN Act and implementing regulations.

34.     Plaintiff and all other Class Members were terminated by Defendants, who ordered a "mass layoff" or "plant closing" as those terms are defined by the WARN Act and implementing regulations, that occurred starting on or about October 23, 2015.

35.     Any mass layoff by Defendants affected more than five hundred employees and/or affected more than 50 and more than 33% of any Defendant's employees at each facility within a thirty-day period.

36.     Any plant closing effected by Defendants affected 50 or more employees excluding any part-time employees within a thirty-day period.

37.     Plaintiff and all other Class Members were terminated without cause.

38.     The provisions of the WARN Act required Defendants to give sixty days' advance written notice of termination to Plaintiff and all other Class Members.

39.     Defendants failed to give sixty days' advance written notice of termination to Plaintiff, all other Class Members, the California Economic Development Department, and the

chief elected official of the local government within which the plant closing or mass layoff occurred in violation of the WARN Act.

40.     Defendants failed to pay to Plaintiff and each of the Class Members sixty days' wages, provide Plaintiff and each of the Class Members with sixty days' benefits, and give Plaintiff and each of the Class Members all other forms of compensation to which they were entitled, following the plant closing or mass layoff, in violation of the WARN Act.

41.     Plaintiff and all other Class Members are "aggrieved employees," as that term is defined by the WARN Act and its implementing regulations, who did not receive notice either directly or through an appropriate representative.

42.     Defendants are subject to a civil penalty of not more than five hundred dollars ($500) for each day of their violation as to a unit of local government.

43.     Plaintiff, on behalf of herself and all Class Members, will incur attorneys' fees in connection with the prosecution of this action, and is entitled to an award of reasonable attorneys' fees, costs, and disbursements pursuant to the WARN Act.

44.     Plaintiff's claims are entitled to priority pursuant to 11 U.S.C. § 507(a)(4)-(5).

**COUNT TWO**
**For Violation of the Cal-WARN Act,**
**California Labor Code § 1400 *et seq.*,**
**[Against All Defendants]**

45.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

46.     This Count is asserted by Plaintiff on behalf of herself and all Class Members, against Defendants, and is based upon the Cal-WARN Act, codified at California Labor Code § 1400 *et seq.*

47.    Defendants are, and at all relevant times have been, an "employer" who operated a "covered establishment" as those terms are defined by the Cal-WARN Act and/or Section 18 of the Labor Code.

48.    Plaintiff and all other Class Members were "employees" of Defendants, as that term is defined by the Cal-WARN Act.

49.    Plaintiff and all other Class Members were terminated by Defendants, who ordered a "termination" or a "mass layoff," as those terms are defined by the Cal-WARN Act, that occurred starting on or about October 23, 2015.

50.    The Cal-WARN Act does not provide any exception to the sixty days' notice requirement for a mass layoff that results from an unforeseen business circumstance.

51.    The provisions of the Cal-WARN Act required Defendants to give sixty days' advance written notice of termination to Plaintiff and all other Class Members.

52.    Defendants failed to give sixty days' advance written notice of termination to Plaintiff, all other Class Members, the Employment Development Department, the local Workforce Investment Board, and the chief elected official of each city and county government within which the mass layoff occurred, in violation of the Cal-WARN Act.

53.    Following the mass layoff, Defendants failed to pay to Plaintiff and each of the Class Members: (1) Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher; and (2) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan.

54.     Defendants are subject to a civil penalty of not more than five hundred dollars ($500) for each day of their violation.

55.     Plaintiff, on behalf of herself and all Class Members, will incur attorneys' fees in connection with the prosecution of this action, and is entitled to an award of reasonable attorneys' fees, costs, and disbursements pursuant to the Cal-WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(a)     Declaring this action to be a proper class action pursuant to Fed. R Civ. R. 23;

(b)     Designation of Plaintiff as Class Representative;

(c)     Designation of Levi & Korsinsky, LLP and Farnan LLP as Class Counsel;

(d)     Restitution equal to the lost pay and benefits to which Plaintiff and all Class Members were entitled under the WARN Act and the Cal-WARN Act;

(e)     An award of reasonable attorneys' fees, costs, and disbursements pursuant to the WARN Act and the Cal-WARN Act;

(f)     Pre- and post-judgment interest; and

(g)     Such other and further relief as the Court deems just and proper.

Dated:  November 12, 2015                         Respectfully submitted,

*Of Counsel*                                       FARNAN LLP

Eduard Korsinsky                                  */s/ Rosemary J. Piergiovanni*
Christopher J. Kupka                              Rosemary J. Piergiovanni (Bar No. 3655)
Michael B. Ershowsky                              919 N. Market Street, 12th Floor
LEVI & KORSINSKY LLP                              Wilmington, Delaware 19801
30 Broad Street, 24th Floor                       Tel: (302) 777-0300
New York, NY 10004                                Fax: (302) 777-0301
Tel: (212) 363-7500                               rpiergiovanni@farnanlaw.com
Fax: (212) 363-7171

                                                  *Attorneys for Plaintiff*

11